## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Olivia Haines | : | |
| c/o Cooper & Elliott, LLC | : | |
| 305 West Nationwide Boulevard | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
|     and | : | |
| | : | |
| Isabella Haines | : | |
| c/o Cooper & Elliott, LLC | : | |
| 305 West Nationwide Boulevard | : | **VERIFIED** |
| Columbus, Ohio 43215 | : | **COMPLAINT** |
| | : | |
|     and | : | **JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| Kimberly McGuire-Haines | : | |
| c/o Cooper & Elliott, LLC | : | |
| 305 West Nationwide Boulevard | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
|     and | : | |
| | : | |
| Wesley Haines | : | |
| c/o Cooper & Elliott, LLC | : | |
| 305 West Nationwide Boulevard | : | |
| Columbus, Ohio 43215, | : | |
| | : | |
|       Plaintiffs, | : | |
| | : | |
|     v. | : | |
| | : | |
| Greenfield Exempted Village Schools | : | |
| Board of Education | : | |
| 200 North 5th Street | : | |
| Greenfield, Ohio 45123 | : | |
| | : | |
|     and | : | |
| | : | |
| Greenfield Exempted Village | : | |
| Schools District | : | |
| 200 North 5th Street | : | |
| Greenfield, Ohio 45123 | : | |
| | : | |
|     and | : | |

**Quincey Gray, Superintendent**              :
**Greenfield Exempted Village Schools**     :
**200 North 5th Street**                    :
**Greenfield, Ohio 45123**               :
**In her official capacity as Superintendent** :
**of Greenfield Exempted Village Schools**  :
                                         :
        **and**                          :
                                         :
**Ron Sexton**                         :
**c/o Greenfield Exempted Village Schools** :
**200 North 5th Street**                 :
**Greenfield, Ohio 45123**            :
**Individually and in his official capacity as** :
**Former Interim Superintendent**          :
**of Greenfield Exempted Village Schools**  :
                                       :
        **and**                          :
                                         :
**Jason Potts**                        :
**c/o Greenfield Exempted Village Schools** :
**200 North 5th Street**                 :
**Greenfield, Ohio 45123**            :
**Individually and in his official capacity**  :
**as Former Principal of McClain High School** :
                                       :
        **and**                          :
                                         :
**Matt Shelton**                       :
**c/o Greenfield Exempted Village Schools** :
**200 North 5th Street**                 :
**Greenfield, Ohio 45123**            :
**Individually and in his official capacity**  :
**as Former Assistant Principal of McClain**  :
**High School**                         :
                                       :
        **and**                          :
                                         :
**Randy Closson**                     :
**c/o Greenfield Exempted Village Schools** :
**200 North 5th Street**                 :
**Greenfield, Ohio 45123**            :
**Individually and in his official capacity as** :
**Former Assistant Principal of Greenfield**  :
**Middle School**                       :
                                       :
        **and**                          :

2

**Katie Pryor**                                           :
**c/o Greenfield Exempted Village Schools**               :
**200 North 5th Street**                                  :
**Greenfield, Ohio 45123**                                :
**Individually and in her official capacity as nurse**    :
**at McClain High School**                                :
                                                          :
      **and**               :
                                                          :
**Heather Dratwa**                                        :
**c/o Greenfield Exempted Village Schools**               :
**200 North 5th Street**                                  :
**Greenfield, Ohio 45123**                                :
**Individually and in her official capacity as nurse**    :
**Supervisor and/or Special Programs Director at**        :
**McClain High School**                                   :
                                                          :
      **and**               :
                                                          :
**Loretta Flora**                                         :
**c/o Greenfield Exempted Village Schools**               :
**200 North 5th Street**                                  :
**Greenfield, Ohio 45123**                                :
**Individually and in her official capacity as**          :
**a teacher at McClain High School**                      :
                                                          :
      **and**               :
                                                          :
**Tonia McClanahan**                                      :
**c/o Greenfield Exempted Village Schools**               :
**200 North 5th Street**                                  :
**Greenfield, Ohio 45123,**                               :
**106 South Street, Greenfield, Ohio 45123**              :
**Individually and in her official capacity as**          :
**a former and/or current substitute teacher**            :
**at McClain High School**                                :
                                                          :
      **and**               :
                                                          :
**April Putnam (aka April Peterson)**                     :
**c/o Greenfield Exempted Village Schools**               :
**200 North 5th Street**                                  :
**Greenfield, Ohio 45123**                                :
**Individually and in her official capacity**             :
**as guidance counselor at McClain High School**          :
                                                          :
      **and**               :

**Kevin Little**                                          :
**c/o Greenfield Exempted Village Schools**               :
**200 North 5th Street**                                  :
**Greenfield, Ohio 45123**                                :
**Individually and in his official capacity**             :
**as School Resource Officer at McClain**                 :
**High School**                                           :
                                                          :
    **and**                           :
                                                          :
**Bradley George**                                        :
**c/o Greenfield Exempted Village Schools**               :
**200 North 5th Street**                                  :
**Greenfield, Ohio 45123**                                :
**Individually and in his official capacity**             :
**as Transportation Supervisor, Boys Swimming**           :
**Coach, and School Safety Officer at McClain**           :
**High School**                                           :
                                                          :
    **and**                           :
                                                          :
**Gretchen Foltz**                                        :
**c/o Greenfield Exempted Village Schools**               :
**200 North 5th Street**                                  :
**Greenfield, Ohio 45123**                                :
**Individually and in her official capacity**             :
**as a teacher and/or Media Specialist at**               :
**McClain High School**                                   :
                                                          :
    **and**                           :
                                                          :
**Audra Branham**                                         :
**c/o Greenfield Exempted Village Schools**               :
**200 North 5th Street**                                  :
**Greenfield, Ohio 45123,**                               :
**Individually and in her official capacity**             :
**as a former and/or current Girls Basketball**           :
**Coach at McClain High School**                          :
                                                          :
    **and**                           :

**Jeana McNeal** :
**c/o Greenfield Exempted Village Schools** :
**200 North 5th Street** :
**Greenfield, Ohio 45123** :
**Individually and in her official capacity** :
**as the Girls Swimming Coach and** :
**a teacher at Greenfield Elementary School** :
:
     **and** :
:
**Kassie Hutchinson** :
**c/o Greenfield Exempted Village Schools** :
**200 North 5th Street** :
**Greenfield, Ohio 45123** :
**Individually and in her official capacity** :
**as the National Honor Society Advisor and** :
**a teacher at McClain High School** :
:
     **and** :
:
**Tati Weaks** :
**c/o Greenfield Exempted Village Schools** :
**200 North 5th Street** :
**Greenfield, Ohio 45123** :
**Individually and in her official capacity** :
**as Tigerettes Advisor/Coach and an Intervention** :
**Specialist at Greenfield Middle School** :
:
     **and** :
:
**Kai Borrelli** :
**8543 State Route 124** :
**Hillsboro, Ohio 45133** :
:
     **and** :
:
**Griffin Foltz** :
**11939 State Route 138 Southwest** :
**Greenfield, Ohio 43123** :
:
     **and** :
:
**Cierra Bolender** :
**214 Edgewood Avenue** :
**Greenfield, Ohio 45123** :

| | |
|---|---|
| **and** | : |
| | : |
| **Meloney George** | : |
| **14166 State Route 41 South** | : |
| **Greenfield, Ohio 45123** | : |
| | : |
| **and** | : |
| | : |
| **Justin Hall** | : |
| **580 Westfall Road** | : |
| **South Salem, Ohio 45681** | : |
| | : |
| **and** | : |
| | : |
| **John/Jane Does 1-15, students and/or** | : |
| **former students of Greenfield Exempted** | : |
| **Village Schools, addresses unknown** | : |
| | : |
| **and** | : |
| | : |
| **John/Jane Does 16-25, Greenfield** | : |
| **Exempted Village School district employees,** | : |
| **administrators and teachers, in their official** | : |
| **and individual capacities, addresses** | : |
| **unknown,** | : |
| | : |
| **Defendants.** | : |

## INTRODUCTION

This action challenges the bullying, cyberbullying, harassment, assault, battery, retaliation, and discrimination suffered by the Haines family at Greenfield Exempted Village Schools, specifically McClain High School. Olivia and Isabella Haines were continually bullied, cyberbullied, harassed, assaulted, battered, retaliated against, and discriminated against in school, and further bullied and harassed online. Olivia and Isabella Haines and their parents, Kimberly McGuire-Haines, and Wesley Haines, tried to end the bullying and repeatedly pleaded with certain Defendants for help. Defendants failed to stop the bullying. Consequently, Olivia, Isabella, Kimberly, and Wesley suffered severe anguish, distress, and depression, which forced

6

the Haines family to uproot their lives, abandon their home and move to a different city, to prioritize Olivia and Isabella's mental health and overall wellbeing, as well as that of the entire family.

This action seeks damages and seeks to reform McClain High School and the Greenfield Exempted Village Schools' policies and practices for responding to bullying, cyberbullying, harassment, assault, battery, retaliation, and discrimination.

## JURISDICTION AND VENUE

1.       Jurisdiction over the federal civil rights claims is conferred on this Court by 28 U.S.C 1331 and 1343(3) and (4), Jurisdiction over the state law claims is conferred by 28 U.S.C. 1367(a).

2.       Venue is proper in this Division under 28 U.S.C. 1391(b) because one or more of the Defendants reside within this Court's judicial district and a substantial part of the events or omissions giving rise to the claims occurred within the judicial district.

## PARTIES

3.       Plaintiff, Olivia Haines, at all times relevant was a student at McClain High School. She is a resident of Franklin County, Ohio.

4.       Plaintiff, Isabella Haines, at all times relevant was a student at McClain High School.  She is a resident of Franklin County, Ohio.

5.       Plaintiff, Kimberly McGuire-Haines, is Olivia and Isabella's mother. She is a resident of Franklin County and Highland County, Ohio.

6.       Plaintiff, Wesley Haines, is Olivia and Isabella's father. He is a resident of Highland County, Ohio.

7. Defendant Greenfield Exempted Village Schools Board of Education ("School Board") is a political subdivision capable of suing and being sued under the law of Ohio. The School Board operates the Greenfield Exempted Village Schools, including McClain High School.

8. Defendant Greenfield Exempted Village School District ("School District" or "GEVS") is an independent public school district. The School District is a "person" within the meaning of 42 U.S.C. 1893 and a political subdivision under the laws of the State of Ohio. McClain High School is a school within the School District. Upon information and belief, the School District and each of its component schools are recipients of federal financial assistance.

9. Defendant Quincey Gray was at all times relevant to this action the Superintendent of Greenfield Exempted Village Schools. Defendant Gray is a "person" under 42. U.S.C. 1983 and at all times relevant to the case acted under color of law. As Superintendent, she has the ability and authority to take corrective action on behalf of the School District to stop bullying, harassment, assault, battery, and discrimination with the District and to discipline perpetrators of such actions. Defendant Gray is sued in both her individual and official capacities.

10. Defendant Ron Sexton was at all times relevant to this action the Interim Superintendent of Greenfield Exempted Village Schools, ("Interim Superintendent") and is currently the Assistant Principal of Greenfield Middle School. Defendant Sexton is a "person" under 42. U.S.C. 1983 and at all times relevant to the case acted under color of law. As Interim Superintendent, he had the ability and authority to take corrective action on behalf of the School District to stop bullying, harassment, assault, battery, and discrimination with the District and to discipline perpetrators of such actions. Defendant Sexton is sued in both his individual and official capacities.

8

11.     Defendant Jason Potts was at all times relevant to this action the Principal of McClain High School, ("Principal") a school in the Greenfield Exempted Village Schools system and is currently the Principal of Greenfield Middle School. Defendant Potts is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under color of law. As Principal, he had the ability and authority to take corrective action on behalf of the School District to stop bullying, harassment, assault, battery, and discrimination within McClain High School and to discipline perpetrators of such actions. Potts is sued individually and in his official capacity as an employee of Greenfield Exempted Village Schools.

12.     Defendant Matt Shelton was at all times relevant to this action the Assistant Principal of McClain High School, ("Assistant Principal") a school in the Greenfield Exempted Village Schools system and is currently the Principal of McClain High School. Defendant Shelton is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under color of law. As Assistant Principal, he had the ability and authority to take corrective action on behalf of the School District to stop bullying, harassment, assault, battery, and discrimination within McClain High School and to discipline perpetrators of such actions. Shelton is sued individually and in his official capacity as an employee of Greenfield Exempted Village Schools.

13.     Defendant Randy Closson was at all times relevant to this action the Assistant Principal of Greenfield Middle School ("Middle School Assistant Principal"), a school in the Greenfield Exempted Village Schools system, and is currently the Assistant Principal of McClain High School. Defendant Closson is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under color of law. As Assistant Principal, he had the ability and authority to take corrective action on behalf of the School District to stop bullying, harassment, assault, battery, and discrimination within McClain High School and to discipline perpetrators of such actions.

9

Closson is sued individually and in his official capacity as an employee of Greenfield Exempted Village Schools.

14.     Defendant, Katie Pryor, ("Ms. Pryor"), is sued in her individual and official capacities, was, at all relevant times, an employee of the McClain High School, serving in the capacity of school nurse.

15.     Defendant, Heather Dratwa ("Ms. Dratwa"), is sued in her individual and official capacities, was, at all relevant times, an employee of McClain High School, serving in the capacity of school nurse supervisor and/or Special Programs Director.

16.     Defendant, Loretta Flora ("Ms. Flora,") is sued in her individual and official capacities, was, at all relevant times, an employee of McClain High School, serving in the capacity of classroom teacher.

17.     Defendant, Tonia McClanahan ("Ms. McClanahan") is sued in her individual and official capacities, was, at all relevant times, an employee of McClain High School, serving in the capacity of substitute teacher.

18.     Defendant, April Putnam ("Ms. Putnam") is sued in her individual and official capacities was, at all relevant times, an employee of McClain High School, serving in the capacity of guidance counselor.

19.     Defendant, Kevin Little, is sued in his individual and official capacities and was, at all relevant times, an employee or agent of McClain High School serving in the capacity of School Resource Officer at McClain High School. While serving as an agent of the school, Little also maintained a position as a police officer or auxiliary police officer of the Village of Greenfield.

20.     Defendant, Bradley George, is sued in his individual and official capacities and was, at all relevant times, an employee of McClain High School, serving in the capacities of

Transportation Supervisor, Boys Swimming Coach, and School Safety Officer. While serving as an agent of the school, George also maintained a position as a police officer or auxiliary police officer of the Village of Greenfield.

21.     Defendant, Gretchen Foltz, is sued in her individual and official capacities and was, at all relevant times, an employee of McClain High School, serving in the capacities of a teacher and/or Media Specialist.

22.     Defendant, Audra Branham, is sued in her individual and official capacities and was, at all relevant times, an employee of McClain High School, serving in the capacity of Girls Basketball Coach.

23.     Defendant, Jeana McNeal ("Ms. McNeal") is sued in her individual and official capacities, was, at all relevant times, an employee of GEVS District, serving in the capacity of the Girls Swimming Coach and teacher at Greenfield Elementary School.

24.     Defendant, Kassie Hutchinson ("Ms. Hutchinson") is sued in her individual and official capacities, was, at all relevant times, an employee of GEVS District, serving in the capacity of the MHS National Honor Society Faculty Advisor and teacher at McClain High School.

25.     Defendant, Tati Weaks ("Ms. Weaks") is sued in her individual and official capacities, was, at all relevant times, an employee of GEVS District, serving in the capacity of the Tigerettes Advisor/Coach and Intervention Specialist at Greenfield Middle School.

26.     Defendant Kai Borelli is a former McClain High School student. At all times relevant to this action, he was a resident of Ohio.

27.     Defendant Griffin Foltz is a former McClain High School student. At all times relevant to this action, he was a resident of Ohio.

28.     Defendant Cierra Bolender is a former McClain High School student. At all relevant times to this action, she was a resident of Ohio.

29.     Defendant Meloney George is a former McClain High School student. At all relevant times to this action, she was a resident of Ohio.

30.     Defendant Justin Hall is a former McClain High School student. At all relevant times to this action, he was a resident of Ohio.

31.     Defendants, JOHN/JANE DOES 1-15, are believed to be students and/or former students of the Greenfield Exempted Village School District who bullied, harassed, assaulted/battered, and/or discriminated against Olivia and Isabella Haines and their parents, Kimberly McGuire-Haines, and Wesley Haines.  Their names and addresses are currently unknown.

32.     Defendants, JOHN/JANE DOES 16-25, are employees, administrators, or teachers of the Greenfield Exempted Village School District, some, or all of whom, in that capacity and acting under color of law, are responsible for the formulation and implementation of all official governmental laws, policies, regulations and procedures in effect for the School District. They are sued in their individual and official capacities. Their names and addresses are currently unknown.

**STATEMENT OF FACTS**

33.     Olivia and Isabella Haines were raised in Hillsboro, Ohio.  Both loved to sing and act and were exceptional students, despite the persistent bullying (both in the traditional sense and cyberbullying), and harassment they endured while students at McClain High School, part of the GEVS district.

34.     Isabella Haines began her freshmen year at McClain in the fall of 2016.

35.     Olivia Haines began her freshmen year at McClain the following year in the fall of 2017.

36.     During these first years at McClain, Isabella and Olivia witnessed several racist remarks, bullying and harassment. Isabella, for example, was a freshman when the school's cheerleaders made signs for a game against the Hillsboro Indians that read "Hey Indians Get Ready for Trail of Tears 2." During that same week, Isabella saw students dressed as slaves and slave owners and bound Native Americans with captors as part of a costume contest for Homecoming week. Isabella was especially uncomfortable and disturbed by this, as her two older brothers are biracial, and are both African American and Caucasian, and identify themselves as primarily African American. She knew her brothers had suffered immense racial bullying at McClain, often being called the "N-word" at school. Perhaps even more concerning was when those students dressed as slaves, slave owner, and bound Native Americans with captors were selected as the winners of the costume contest, their pictures taken and posted on the school's website.

37.     The bullying and harassment that Isabella and Olivia witnessed were not isolated incidents and progressively began to get worse as they spent more time at McClain.

38.     On or about March 2019, substitute teacher Defendant McClanahan began harassing Olivia during rehearsals for the school musical "*Footloose*." To protect his daughters, Wesley Haines expressly stated to Defendant Flora, Defendant McClanahan's supervisor for the school musical, that Defendant McClanahan was not to have any contact with Olivia Haines or Isabella Haines. Wesley then sent Defendants Potts, Shelton and Flora emails expressly stating that Defendant McClanahan was not to have any contact with Olivia Haines or Isabella Haines.

39.     Defendants Potts, Shelton and Flora not only failed to protect Olivia, but Defendant Flora assisted her in contacting, harassing, stalking and harming Olivia during the school day while Defendant McClanahan was working as a substitute teacher.

13

40. On or about March 22, 2019, Defendant McClanahan sent a letter to Olivia during school hours, and it was delivered to Olivia by Defendant Flora during class time. Olivia was very upset by the letter and called her mother crying.

41. In the letter, Defendant McClanahan tried to force Olivia to meet her after school to take Olivia dress shopping. This upset Olivia because she did not want to go with Defendant McClanahan, nor did she think it was appropriate.

42. Later that day, Defendant McClanahan stopped Olivia in the hallway and began yelling and berating Olivia for more than 10 minutes.

43. Afraid and unsure of what to do, Olivia began to cry as Defendant McClanahan continued to berate Olivia and grabbing Olivia's shoulders as she spoke. Ultimately, Defendant McClanahan forced Olivia to give her a hug. Olivia did not feel she could pull away from Defendant McClanahan as she was a substitute teacher and a person of authority.

44. The Haines reported this incident to the school and filed written complaints against Defendant McClanahan.

45. Upon information and belief, despite reporting the incident, GEVS Defendants took no action to properly investigate the bullying and harassment in an unbiased manner.

46. Upon information and belief, GEVS Defendants imposed no discipline upon Defendant McClanahan when she bullied and harassed Olivia.

47. Instead, the bullying continued not just for Olivia and Isabella, but for their parents as well, Kimberly McGuire-Haines and Wesley Haines, as they all became the subject of retaliation by GEVS Defendants and students for filing the complaints.

48. In addition to their full-time careers, both Wesley and Kimberly worked part-time for GEVS to be involved with their children's education and to serve as positive role models for

14

the students in the GEVS District. Wesley worked as a Dramatics Assistant/Technical Director, and Kimberly occasionally worked as a substitute teacher.

49.    Both Isabella and her mother Kimberly traveled to Walt Disney World in Orlando, Florida with the McClain Show Choir on a school sanctioned trip that Kimberly and Wesley paid several thousand dollars for her and Isabella to attend. Due to their filing the complaints against Defendant McClanahan and Defendant Flora, both Isabella and Kimberly were ostracized and harassed in retaliation by certain Defendants (including Defendants Flora, Meloney George, Justin Hall, and Griffin Foltz) and other students, parents, and faculty during the entire trip.

50.    Defendant McClanahan began sending Kimberly harassing text messages during that time into the Summer of 2019.

51.    In August 2019, Olivia was changing her clothes in the locker room for Tigerettes practice when another student/Tigerettes teammate took a picture of Olivia undressing. Horrified and humiliated, Olivia and her family reported the incident to the school.

52.    Upon information and belief, despite reporting the incident GEVS Defendants took no action to properly investigate this complete invasion of privacy, bullying and harassment in an unbiased manner.

53.    Upon information and belief, GEVS Defendants imposed no discipline upon the student that bullied and harassed Olivia by taking the photograph, who then further bullied and harassed Olivia in retaliation due to her and her family filing a complaint about the incident with the school.

54.    Both Olivia and Isabella, as well as their parents, Kimberly McGuire-Haines, and Wesley Haines, suffered further bullying and harassment in retaliation for filing the complaint against Olivia's Tigerettes teammate by GEVS Defendants and GEVS students, including but not limited to Olivia's Tigerettes Advisor/Coach, Defendant Weaks, and Isabella's band teacher.

15

55. Upon information and belief, GEVS Defendant Weaks, as Tigerettes Advisor/Coach, took no action to properly investigate the bullying and harassment complaint against the GEVS student/Tigerettes teammate who improperly photographed Olivia while undressing in the Girls' bathroom prior to a Tigerettes practice, and subsequent bullying and harassment, according to GEVS District policies.

56. Upon information and belief, GEVS Defendant Weaks imposed no discipline upon the GEVS student/Tigerettes teammate who improperly photographed Olivia while undressing in the Girls' bathroom prior to a Tigerettes practice, and subsequent bullying and harassment, according to GEVS District policies.

57. Upon information and belief, GEVS Defendant Weaks failed to protect Olivia from the harm caused by fellow GEVS student/Tigerettes teammate. In addition, Defendant Weaks herself emotionally harmed Olivia by stating to her that she "made it worse by reporting it and filing a complaint with the school."

58. Defendant Weaks and the McClain High School Band Director then retaliated against the Haines family, as well as caused additional emotional harm to Plaintiffs, by intentionally and improperly excluding Kimberly as a Chaperone for the upcoming 2020 McClain Band and Tigerettes trip to Walt Disney World in Orlando, Florida.

59. Defendant Weaks caused additional harm to the Haines family by participating in the cyberbullying campaign directed at the Haines family in January and February of 2020.

60. The harassment and bullying culture at McClain continued. On or about November 4, 2019, Wesley Haines witnessed a student on the school stage make several racist jokes regarding African Americans to the laughter of the other students during a rehearsal for the school play. He immediately reported the incident to Defendant Potts, and then to Defendants Gray and Shelton, to remedy the situation.

16

61.     Upon information and belief, despite reporting the incident GEVS Defendants took no action to properly investigate this bullying and harassment in an unbiased manner.

62.     Upon information and belief, GEVS Defendants imposed no discipline upon the students that participated in this bullying and harassment.

63.     The following morning, on or about November 5, 2019, both Isabella and Olivia experienced additional harassment and bullying at school by certain GEVS students due to Wesley reporting the incident to certain GEVS Defendants.

64.     Later that same day, on or about November 5, 2019, the bullying escalated and became physical when Defendant Borelli assaulted Olivia.  Specifically, Defendant Borelli flipped Olivia in the air and dropped her on her head and neck.

65.     As a result of the assault, Olivia suffered a concussion, cuts, bruises and swelling on her face.

66.     Due to her injuries, Olivia visited the school nurse, Defendant Pryor and her supervisor, Defendant Dratwa.  Despite clear protocol on potential concussions, Defendants Pryor and Dratwa did not adequately adhere to the concussion protocol, nor did they adequately inform Kimberly and Wesley of what had happened.

67.     In addition, Defendant Pryor harassed Olivia and falsely accused her of violating the school's dress code while she was confused, in pain, and in need of proper medical attention.

68.     Instead of adequately adhering to the concussion protocol and providing Olivia with proper medical assistance, Defendant Pryor without Olivia's, or her parents' consent, viewed the surveillance video (of Defendant Borelli assaulting Olivia) in the middle of the Greenfield Elementary School Office for all to see, and then contacted Defendant Shelton to inform him that she had determined that the assault was merely an accident and/or horseplay.

17

69.     Concerned about Olivia's safety, Olivia's parents repeatedly requested additional information, including reports and surveillance videos from multiple GEVS personnel including without limitation Defendants Quincey, Little, Potts, and Shelton.

70.     The GEVS Defendants refused to provide the requested items.

71.     Defendant Little, school resource officer, made numerous false statements in his report and intentionally conducted his "investigation" in a manner that would justify a predetermined conclusion that Defendant Borelli's assault upon Olivia was merely horseplay, despite Olivia's repeated statements to the contrary and her attempts to free herself from Defendant Borelli, to protect Defendants GEVS that employ both Little and his spouse, a teacher at Greenfield Elementary School.

72.     Several days after the assault, Defendant Borelli threatened Olivia again by stating he would "do that to the other side of your face."

73.     Defendant Borelli's sibling and other students also began taunting and harassing Olivia and mockingly telling her "Don't sue us!" while simultaneously posting on social media to "#freekai."

74.     Upon information and belief, GEVS Defendants took no action to properly investigate the bullying, harassment, and assault in an unbiased manner.

75.     Upon information and belief, GEVS Defendants imposed no discipline upon the students that participated in this bullying, harassment, and assault.

76.     As such, the Haines made sure to document everything to the best of their abilities and with the information available to them and once again made formal complaints.

77.     Due to the GEVS Defendants' failure to properly investigate and hold those responsible accountable for their actions pursuant to the GEVS's policies, Kimberly and Wesley formally requested to present their complaints to the Defendant GEVS Board of Education.

18

78.     Defendant GEVS Board of Education refused to give Kimberly and Wesley adequate time to present their complaints and supporting documentation, forcing them to request a continuance of their meeting, which was rescheduled for February 24, 2020.

79.     In retaliation for Kimberly and Wesley filing their complaints and formally requesting to present them to the Defendant GEVS Board of Education, the bullying and harassment by certain GEVS Defendants toward Isabella, Olivia, Kimberly, and Wesley significantly increased.

80.     In or about January 2020, Defendant Flora held auditions for the McClain High School Spring Musical, "*The Sound of Music*."

81.     In or about the last week of January 2020, approximately four weeks before Kimberly and Wesley were to meet with the GEVS Board of Education, a false rumor was spread, claiming that Kimberly had contacted the school and complained about the parts Isabella and Olivia received in the upcoming school musical, and that she demanded that the girls' auditions be redone.  These rumors were completely unfounded and untrue. The only person Kimberly had discussed any auditions with was Defendant Gray, and none of those discussions involved complaints about the girls' parts.

82.     On or about January 31, 2020, Plaintiffs became aware of fast-spreading cyberbullying campaigns on numerous social media platforms, including but not limited to Facebook, Twitter, and Snapchat, that were directed at Isabella, Olivia, Kimberly, and Wesley harassing and bullying them all, causing their entire family serious emotional distress.  Some of the posts threatened physical harm to the Plaintiffs, others mocked the Plaintiffs, especially memes made about Kimberly, and some posts attempted to get people to file grievances against Kimberly, a practicing attorney, for merely trying to protect her daughters.  Numerous GEVS students, employees and community members participated in these cyberbullying campaigns.

83.     On or about February 4, 2020, additional cyberbullying campaigns emerged on Facebook directed at Plaintiffs as a family, consisting of many additional harassing and bullying posts, some threatening physical harm, some encouraging the public to file grievances against Kimberly as an attorney, and all causing Plaintiffs severe emotional distress.  Numerous GEVS students, employees and community members participated in these cyberbullying campaigns as well.

84.     In addition to the cyberbullying campaigns in which many posts were made during the school day, numerous GEVS students were openly bullying Isabella and Olivia in person throughout the school day and during extracurricular activities causing them to be extremely distraught and making school unbearable for them.

85.     Kimberly and Wesley immediately contacted Defendant Gray, as well as met with Defendants Potts, Shelton, and Putnam, and pleaded with them to enforce the school's bullying and cyberbully policies, as well as the school's cell phone policy, to stop the abuse and protect their daughters from further harm due to the blatantly false rumors being spread by certain GEVS Defendants.  Defendants Potts, Shelton, and Putnam failed to take any action whatsoever to enforce GEVS's own policies to stop the bullying and cyberbullying and to protect Isabella and Olivia. Defendant Potts literally laughed in Kimberly and Wesley's faces stating, "I don't have to do anything until we hear from the school's attorney.  I'm covered and I have it in writing."

86.     Isabella confided in Defendant Flora about the in-person bullying and cyberbullying and asked Defendant Flora to help make the bullying stop. Instead of reporting, investigating, or helping in any way, Defendant Flora told Isabella that legally there was nothing she could do about the bullying. This upset Isabella further and caused her to break down and cry as she left Defendant Flora's classroom.

20

87. Kimberly and Wesley requested a copy of the video surveillance from Defendant Gray showing Isabella crying as she left Defendant Flora's classroom and were told that the video no longer existed.

88. During the cyberbullying campaign and bullying campaign certain student Defendants openly bullied Isabella and Olivia during their classes, causing them to break down and cry. Kimberly and Wesley were able to obtain one surveillance video of Olivia leaving Defendant Flora's classroom sobbing in the hallway as she waited for Isabella to come and get her.

89. Isabella and Olivia also confided in Defendant Putnam, their guidance counselor about the cyberbullying, bullying, and harassment and asked for her help in dealing with the emotional distress it was causing them. Defendant Putnam did not help Isabella and Olivia, nor did she properly report the bullying to the appropriate GEVS administration.

90. Olivia was a member of the Girls Swimming Team during the time that the bullying and cyberbullying occurred. Certain GEVS students, who were also members of the Girls Swimming Team, were participating in the bullying and cyberbullying campaigns. The abuse even occurred on days in which they had swim meets. On one occasion, Olivia was too distraught to attend her swim meet. Olivia then attended the following swim meet; however, the cyberbullying and bullying continued the day of the swim meet. Kimberly contacted Defendant McNeal and expressed her concern for Olivia's safety and well-being, as well as provided her with copies of the posts showing that certain members of the Girls Swimming Team were violating the GEVS District's policies, including but not limited to the GEVS District's policies for student athletes and/or those participating in school extracurricular activities.

21

91.     Upon information and belief, GEVS Defendant McNeal took no action to properly investigate the bullying and cyberbullying complaints against certain GEVS student athletes on the Girls Swimming Team according to GEVS District policies.

92.     Upon information and belief, GEVS Defendant McNeal imposed no discipline upon the GEVS student athletes on the Girls Swimming Team according to GEVS District policies.

93.     Upon information and belief, GEVS Defendant McNeal failed to protect Olivia from the harm caused by fellow GEVS student athletes on the Girls Swimming Team.

94.     Isabella was also one of four student officers on the National Honor Society.  The other three GEVS student officers, as well as other GEVS student members, participated in the cyberbullying and bullying campaigns against Isabella and Olivia, as well as the Plaintiffs as a family in general, in violation of core values of McClain High School's National Honor Society Chapter and GEVS District policies.

95.     Due to the bullying and cyberbullying, Isabella suffered severe emotional harm when attending meetings and events as a GEVS student officer of the National Honor Society. Kimberly contacted GEVS Defendant Hutchinson and informed her that the other three GEVS student officers, as well as other GEVS student members, were openly bullying and cyberbullying Isabella, Olivia, and the Haines family in violation of the GEVS District's policies.

96.     Upon information and belief, GEVS Defendant Hutchinson took no action to properly investigate the bullying and cyberbullying complaints against certain GEVS student officers and members of the National Honor Society according to GEVS District policies.

97.     Upon information and belief, GEVS Defendant Hutchinson imposed no discipline upon the GEVS student officers and members of the National Honor Society according to GEVS District policies.

98.     Upon information and belief, GEVS Defendant Hutchinson failed to protect Isabella from the harm caused by fellow GEVS student officers and members of the National Honor Society. Defendant Hutchinson herself participated in the cyberbullying campaign directed at the Plaintiffs, causing them serious emotional distress.

99.     As a direct result of the bullying and harassment, Olivia, and Isabella both suffered extreme emotional harm and suffered from depression. In addition, Olivia began to express suicidal thoughts and impulses. Kimberly and Wesley also suffered extreme emotional harm.

100.    The bullying and cyberbullying campaigns were initiated against Isabella, Olivia, Kimberly, and Wesley approximately four weeks before Kimberly and Wesley were to present their complaints against certain GEVS staff and students to the GEVS Board of Education.

101.    When the GEVS administration and staff failed to take action to stop the bullying and cyberbullying campaigns, pursuant to the school's own policies, and protect Isabella and Olivia, Kimberly and Wesley contacted the Ohio Department of Education who advised them to document everything, including taking screenshots of all cyberbullying posts, and immediately forward the documentation and posts to the GEVS Superintendent. Kimberly and Wesley also researched what do to if your children are being bullied and cyberbullied at school. The advice was the same, document everything and report it.

102.    Kimberly and Wesley documented as much of the bullying and cyberbullying as they could and sent copies of the screenshots to Defendant Gray. As a result, they added this documentation to that which they were going to present to the GEVS Board of Education on February 24, 2020. It was particularly disturbing for them to see so many GEVS staff members and adult community members, in addition to the students, participate in the cyberbullying and bullying campaigns directed at their family.

23

103.     In or about February 2020, certain Defendants met with Defendant Gray to discuss the bullying and cyberbullying complaints that Kimberly and Wesley had filed against them and were scheduled to present to the Defendant GEVS Board of Education on February 24, 2020.

104.     On or about February 19, 2020, five days before Kimberly and Wesley were to present their complaints to the GEVS Board of Education, Defendant Griffin Foltz, a GEVS senior student who participated in the cyberbullying and bullying campaigns, and whom Kimberly and Wesley had named in their complaint to Defendant Gray, filed a Petition for a Civil Stalking Protection Order against Kimberly and Wesley seeking, among other things, to prevent them from discussing their complaints about his misconduct with scholarship committees.  This would necessarily include Defendant GEVS Board of Education (which, among other functions, serves as a scholarship committee by awarding numerous scholarships to GEVS senior students).  An Ex Parte Civil Stalking Protection Order was granted against Kimberly, a practicing attorney which, as written, prohibited Kimberly from attending the February 24 meeting with Defendant GEVS Board of Education to discuss Defendant Griffin Foltz's misconduct..

105.     Although the Ex Parte Order against Wesley was not issued that day, the Petition for a Civil Stalking Protection Order remained against him pending a full hearing on the matter.

106.     The following day, on or about February 20, 2020, Defendant Gretchen Foltz, a GEVS staff member, whose son Defendant Griffin Foltz filed the Petitions for CSPO's against Kimberly and Wesley the previous day, filed a grievance against Kimberly as an attorney with the Supreme Court of Ohio. On information and belief, Gretchen Foltz filed the grievance in retaliation for Kimberly and Wesley filing a complaint against her son for participating in the bullying and cyberbullying directed at their family. A practicing attorney for nearly twenty-four years, Kimberly had never had a grievance filed against her until that day.  The Supreme Court of Ohio promptly dismissed Defendant Foltz's grievance against Kimberly.

24

107. That same day, on or about February 20, 2020, Defendant Cierra Bolender, another GEVS student whose mother is Defendant Branham, also filed a Petition for a Civil Stalking Protection Order against Kimberly. Defendant Branham, a GEVS staff member, was in Court with her daughter to assist her in obtaining the Ex Parte CSPO and was named as an additional protected person in the petition and order. Defendant Branham, a coach at McClain High School, was an employee of Defendant GEVS and/or Defendant GEVS Board of Education. The petitioner's counsel acknowledged at the ex parte hearing that the reason for asking for additional protections for family members was "to keep everyone employed, keep things under the status quo, everybody quiet, not talking" and "then we can have a hearing and sort things out." The resulting Ex Parte Order prohibited Kimberly from contacting any scholarship committee or anyone else about the petitioner or protected persons and additionally specified that Kimberly was not to contact Defendant Branham's employer. Because Defendant GEVS Board of Education was both an employer to Defendant Branham and (as explained above) serves as a scholarship committee, these requests and the resulting order as written prevented Kimberly from attending the February 24 meeting with Defendant GEVS Board of Education to discuss Defendant Bolender's and Defendant Branham's misconduct.

108. On or about February 20, 2020, Defendant Bradley George filed an Ex Parte Petition for a CSPO requesting that the Court restrain Kimberly from, among other things, contacting any educational or scholarship committee about him or his daughter, Defendant Meloney George. The resulting Ex Parte CSPO restrained Kimberly from, among other things, contacting Defendant Bradley George's employer (which includes Defendant GEVS Board of Education) regarding allegations of cyberbullying or otherwise and from contacting any scholarship committees about Defendant Meloney George (which, as explained above, would include Defendant GEVS Board of Education). Because Defendant GEVS Board of Education was

25

both an employer to Defendant Bradley George and (as explained above) serves as a scholarship committee, these requests and the resulting order as written prevented Kimberly from attending the February 24 meeting with Defendant GEVS Board of Education to discuss Defendant Bradley George's and Defendant Meloney George's misconduct.

109.    In at least one of the ex parte hearings for the CSPO, the petitioners' counsel (who was the same for all petitioners) specifically discussed with the Court on the record the upcoming school board meeting. All the Petitioners in both the February 19, 2020 and February 20, 2020 ex parte hearings made false statements under oath.  All three Petitions for Ex Parte CSPO's were granted against Kimberly, which as written prohibited her from attending the February 24 meeting with Defendant GEVS Board of Education meeting to discuss the misconduct of the petitioners and/or their additional protected persons and the harm they had caused to the Plaintiffs, which in turn prevented Kimberly and Wesley from trying to protect their daughters from future harm by the Defendants.

110.    Kimberly and Wesley, knowing that the CSPO petitioners made false statements to obtain the Ex Parte CSPOS, immediately retained counsel to represent them at the full hearings on the CSPO's.  The full hearing was continued by the Court to June 2020.  Per the Court's Orders, Kimberly was prohibited from attending the meeting with the Defendant GEVS Board of Education, and Wesley was not prepared to present their complaints and their supporting documentation on his own.

111.    Kimberly and Wesley were prepared to vehemently defend themselves at the full hearings on the CSPO's and to present evidence that the Petitioners made false statements under oath.  However, all three Petitioners dismissed their four Petitions for CSPO's prior to the full hearings.

26

112.     Kimberly and Wesley suffered extreme emotional distress from being falsely accused of stalking the Petitioners, GEVS staff and students, when they were merely following every proper procedure to protect their daughters and family and hold those responsible accountable for their actions pursuant to the GEVS' policies.  Kimberly especially suffered extreme emotional distress due to the baseless, false accusations made against her in an effort to damage her career and jeopardize her license to practice law.

113.     Ultimately, before the beginning of Olivia's senior year, in the summer of 2020, the Haines family were forced to pack up and abandon their home and move out of the GEVS District.  It was a last-ditch effort for Kimberly and Wesley to protect Olivia and Isabella from any further harm, which became their number-one priority.  The GEVS District not only utterly failed to protect their daughters, but numerous GEVS staff members actively participated in harming them as well.

### Greenfield Exempted Village School's Failure to Follow its Own Anti-Harassment Policy

114.     GEVS' Anti-Harassment policy is written as a series of mandatory duties that district employees must fulfill in response to bullying of students, faculty and third parties.

115.     These duties include that: "The Board shall vigorously enforce its prohibitions against unlawful harassment by taking appropriate action reasonably calculated to stop the harassment and prevent further such harassment. While observing the principles of due process, a violation of this policy may result in disciplinary action up to and including the discharge of an employee or the suspension/expulsion of a student"

116.     Moreover, GEVS' policy states: The Board will investigate all allegations of harassment and in those cases where unlawful harassment is substantiated, the Board will take immediate steps to end the harassment, prevent its reoccurrence and remedy its effects."

117.     GEVS' policy further defines bullying and states it may involve:

27

a.    Teasing;

b.    Threats;

c.    Intimidation;

d.    Stalking;

e.    Cyberstalking;

f.    Cyberbullying;

g.    Physical violence;

h.    Theft;

i.    Sexual, religious, or racial harassment;

j.    Public humiliation; or

k.    Destruction of property

118.    GEVS' policy defines third parties to include guests/visitors and parents.

119.    Members of the School District community, which includes all staff, and third parties are encouraged to promptly report incidents of harassing conduct to an administrator, supervisor, or other School District official so that they Board may address the conduct before it becomes severe, pervasive, or persistent. Any administrator, supervisor or other District official who receives such a complaint shall file it with District's Anti-Harassment Compliance Office as his/her first convenience.

120.    However, despite these anti-harassment policies in place at GEVS, upon information and belief, no reports were created regarding the repeated bullying and harassment of Olivia and Isabella Haines, Kimberly McGuire-Haines, and Wesley Haines.

121.    Defendants, therefore, violated their own Anti-Harassment Policy as detailed throughout this Complaint.

**GEVS' Failure to Follow its Own Student Code of Conduct**

122.     Defendants' Student Code of Conduct, found in the Student Handbook, states that "No student shall harass, intimidate or bully (including by electronic means) another person. A student that engages in this type of behavior will be subject to disciplinary probation (minimum of 30 days) and suspension from school."

123.     Moreover, the Handbook states that "Greenfield Exempted Village of School District staff will promptly investigate behavior that may violate District policy."

124.     Defendants violated their own Student Code of Conduct, as detailed throughout this Complaint.

**Defendants' Pattern and Practice of Failing to Properly Respond
to Reports of Bullying, Cyberbullying, Harassment and Discrimination**

125.     In addition to the Olivia and Isabella, other GEVS students were also bullied, harassed, and discriminated against – including Olivia and Isabella's older brothers – with the actual knowledge of the Defendants, and Defendants failed to appropriately respond to end those practices and protect the victims.

126.     Defendants thereby engaged in a pattern and practice of failing to properly respond to incidents of bullying, harassment, and discrimination.

127.     In addition, Defendants knew that the attack on Olivia by Defendant Borelli constituted child abuse against Olivia under O.R.C. 2151.031. However, Defendants did not report the child abuse, as required by O.R.C. 2151.421.

128.     Defendants GEVS Board of Education, Interim Superintendent Sexton and Superintendent Gray ratified the actions of Defendants Potts, Shelton, Closson, Pryor, Dratwa, Flora, McClanahan, Putnam, Little, George, Foltz, Branham, McNeal, Hutchinson, and Weaks and are thus liable for their violations of Olivia and Isabella's substantive due process right to be

protected. The Board of Education and Gray did not conduct a meaningful investigation into the reported bullying, cyberbullying, harassment, and discrimination nor the other Defendants' actions in covering-up the reported bullying, cyberbullying, harassment, and discrimination, did not discipline the students and teachers involved nor retrain any faculty on anti-harassment, anti-bullying, anti-cyberbullying policies, and anti-discrimination policies.

## COUNT ONE
### 1983 State Created Danger
**[Against Defendants GEVS Board of Education, GEVS, Gray, Sexton, Potts, Shelton, Closson, Pryor, Dratwa, Flora, McClanahan, Putnam, Little, Bradley George, Gretchen Foltz, Branham, McNeal, Hutchinson, and Weaks]**

129.    Plaintiffs reassert the foregoing as if fully rewritten herein.

130.    Defendants have, under color of law, deprived Plaintiffs of rights, privileges and immunities secured to them by the United States Constitution including the right to due process under the Fourteenth Amendment, and specifically to the right to be free from affirmative actions directly increasing Olivia and Isabella's vulnerability or otherwise placing them in danger and taking away from their parents their ability to protect them.

131.    Defendants acted with deliberate indifference when they put Olivia and Isabella's life at risk and caused them to suffer greatly. Defendants acted with deliberate indifference when they concealed from their parents the danger Olivia and Isabella were in at school, causing them serious emotional distress when they could not protect them.

## COUNT TWO
### 1983 Special Relationship
**[Against Defendants GEVS Board of Education, GEVS, Gray, Sexton, Potts, Shelton, Closson, Pryor, Dratwa, Flora, McClanahan, Putnam, Little, Bradley George, Gretchen Foltz, Branham, McNeal, Hutchinson, and Weaks]**

132.    Plaintiffs reassert the foregoing as if fully rewritten herein.

133.    Defendants have, under color of law, deprived Plaintiffs Olivia Haines, and Isabella Haines, of rights, privileges and immunities secured to them by the United States Constitution including the right to due process under the Fourteenth Amendment, and specifically to the right to be kept safe when a special relationship has been created and by taking away from Olivia and Isabella's parents their ability to protect them.

134.    Defendants' actions put Olivia and Isabella's safety at risk and caused them to suffer greatly.

135.    Defendants acted with deliberate indifference when they concealed from Olivia and Isabella's parents the danger they were in at school, causing them serious emotional distress when they could not protect them.

## <u>COUNT THREE</u>
### 1983 Shocks the Conscience
**[Against Defendants GEVS Board of Education, GEVS, Gray, Sexton, Potts, Shelton, Closson, Pryor, Dratwa, Flora, McClanahan, Putnam, Little, Bradley George, Gretchen Foltz, Branham, McNeal, Hutchinson, and Weaks]**

136.    Plaintiffs reassert the foregoing as if fully rewritten herein.

137.    Defendants have, under color of law, deprived Plaintiffs Olivia Haines and Isabella Haines of rights, privileges and immunities secured to them by the United States Constitution, including the right to due process under the Fourteenth Amendment and specifically to their right to be free from government actions that shock the conscience.

138.    Defendants' actions put Olivia and Isabella at risk and caused them to suffer greatly. Defendants acted with deliberate indifference when they concealed from Olivia and Isabella's parents the pervasiveness of the bullying the girls endured at school. The secrecy caused Kimberly and Wesley serious emotional distress when they could not protect Olivia and Isabella from this.

31

**COUNT FOUR**
**1983 Equal Protection**
[Against Defendants GEVS Board of Education, GEVS, Gray, Sexton, Potts,
Shelton, Closson, Pryor, Dratwa, Flora, McClanahan, Putnam, Little,
Bradley George, Gretchen Foltz, Branham, McNeal, Hutchinson, and Weaks]

139.     Plaintiffs reassert the foregoing as if fully rewritten herein.

140.     Defendants have, under color of law, deprived Plaintiffs Olivia Haines and Isabella Haines of rights, privileges and immunities secreted to them by the United States Constitution including the right to equal protection under the Fourteenth Amendment.

141.     Defendants violated Olivia and Isabella's equal protection rights when, as students who were the victims of bullying and student-on-student aggression, they treated them differently than they treated students who were in accidents at school. While students who experience accidents at school are given appropriate and adequate medical treatment, and their parents are informed of the extent of the incident, students who are victims of bullying and student-on-student aggressive behavior are not protected, their medical needs are not taken seriously, and their parents are not informed of the incident or the extent of the injury, thus depriving them of the ability to protect their children.

142.     There is no rational basis in treating these two groups differently.

143.     Defendants' actions put Plaintiffs at risk and caused them to suffer greatly. Defendants acted with deliberate indifference when they concealed from Kimberly McGuire-Haines and Wesley Haines the pervasiveness of the bullying, cyberbullying, and harassment, including assault/battery, the girls endured at school. The secrecy caused Kimberly and Wesley serious emotional distress when they could not protect Olivia and Isabella from this.

**COUNT FIVE**
**Intentional Infliction of Emotional Distress**
[Against All Defendants]

144.     Plaintiffs reassert the foregoing as if fully rewritten herein.

32

145.    Defendants either intended to cause emotional distress to Plaintiffs Olivia Haines, Isabella Haines, Kimberly McGuire-Haines, and Wesley Haines, or knew or should have known that their actions and omissions would result in serious emotional distress to the Plaintiffs.

146.    Defendants' actions and omissions in failing to take appropriate action against those that participated in the cyberbullying, bullying, and retaliation campaigns against Olivia, Isabella, Kimberly and Wesley, and the actions of Defendant Kai Borelli, in bullying, harassing, and assaulting/battering, were extreme and outrageous.

147.    Defendants' actions and omissions proximately caused extreme emotional distress and mental/psychological/emotional harm to all Plaintiffs.

148.    As a direct and proximate result of Defendants' conduct all Plaintiffs have been damaged.

**COUNT SIX**
**Negligence by Nurse and Nurse's Supervisor**
**[Against Defendants Pryor and Dratwa]**

149.    Plaintiffs reassert the foregoing as if fully rewritten herein.

150.    Defendant Pryor breached her duty to provide Olivia with care consistent with the standard medical practice and violated Ohio law.

151.    Defendant Dratwa breached the duty of care owed to Olivia when present as supervisor while Defendant Pryor negligently treated Olivia.

152.    These breaches were a proximate cause of harm to Olivia.

**COUNT SEVEN**
**Unlawful Policy, Practice, or Custom in Failing to Respond to**
**Bullying, Harassment, and Assault/Battery**
(***Monell v. Dept. of Social Services*, 436 U.S. 658 (1978)**)
**[Against Defendants GEVS Board of Education, GEVS, and, as to their official capacities,**
**Defendants Gray, Sexton, Potts, Shelton, Closson, Pryor, Dratwa, Flora,**
**McClanahan, Putnam, Little, Bradley George, Gretchen Foltz, Branham,**
**McNeal, Hutchinson, and Weaks]**

153.    Plaintiffs reassert the foregoing as if fully rewritten herein.

154.    Defendants violated their obligations to maintain lawful policies and procedures pursuant to *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), and pursuant to R.C. § 2307.44, § 3313.666(B), and § 3313.534.

155.    Defendants' actions and omissions reflect their toleration of a widespread policy, practice or custom of failing to adequately respond and/or negligently responding to bullying, cyberbullying, harassment, and assault/battery to safeguard the constitutionally protected rights of students.

156.    This policy, practice or custom condoned, fostered, encouraged, acquiesced in, and tacitly approved of the unconstitutional response, and lack of response, of Defendants to bullying, cyberbullying, harassment, and assault/battery taking place in McClain High School.

157.    This policy, practice or custom was the moving force behind the violations of the Plaintiffs' constitutional and federally protected rights.

158.    Defendants were deliberately and callously indifferent, or grossly negligent or reckless with regard to this deprivation of Plaintiffs' constitutional and federally protected rights.

159.    Defendants' unlawful policy, practice or custom was also evident by their deliberate indifference in:

a. the actions taken by officials with final decision-making authority, including without limitation;

    i. the repeated decisions of Defendants to hide information from Kimberly McGuire-Haines and Wesley Haines about the bullying, cyberbullying, harassment and batteries against Olivia and Isabella,

    ii. their repeated failure to complete reports regarding the bullying, cyberbullying, harassment and batteries of Olivia and Isabella; and

    iii. their repeated refusals to investigate or discipline those that bullied, cyberbullied, harassed and/or harmed Olivia and Isabella, or at least separate and protect Olivia and Isabella from the bullies, despite knowledge of the bullies' identities, despite repeated requests from the Plaintiffs and despite Defendants' knowledge that any remedial action they had taken was ineffective; and

    iv. their failure to respond to the derogatory messages about all the Plaintiffs online

b. failing to properly train, oversee, supervise, and discipline their staff, officials and teachers in proper methods of responding to bullying, cyberbullying, harassment, and assault/battery, and/or negligently performing these responsibilities.

c. The training and supervision were obviously and clearly inadequate and/or negligent, especially given the conduct of administrators, teachers, and staff described in the Complaint, including without limitation:

      i.  their failure to report incidents of bullying, cyberbullying, harassment and assault/battery to their superiors or complete reports on the same;

     ii.  Defendant McClanahan screaming at and berating Olivia, despite the school's knowledge of Olivia's bullying problems and Kimberly and Wesley's requests that Defendant McClanahan have no contact with Olivia;

   iii.  Certain Defendant staff members participating in the bullying, cyberbullying, and harassment directed at Olivia, Isabella, Kimberly, and Wesley.

   iv.  the failure of teachers and staff to detect and report bullying of Olivia and Isabella happening in the classroom and during extracurricular school activities;

    v.  the failure of Defendants to personally intervene and end the bullying, cyberbullying, harassment, and batteries despite direct knowledge of the bullying, cyberbullying, harassment and batteries against Olivia and Isabella and their family.

d.  failing to follow their own anti-bullying, anti-cyberbullying, and anti-harassment policies, as described above,

e.  failing to maintain, adopt, and/or implement policies and procedures regarding bullying, cyberbullying, harassment, and assault/battery necessary to prevent the constitutional violations suffered by the Plaintiffs.

      f.   failing to maintain files on bullies/harassers, and the failure to institute a tracking system for bullying, cyberbullying, harassment, and assault/battery incidents.

160.   Defendants' conduct was also part of a pattern and practice in which Defendants failed to protect GEVS students from bullying, cyberbullying, harassment, and assault/battery, as evidenced by Olivia, Isabella, and other students.

161.   Defendants were deliberately indifferent and knew or should have known that these violations reflected the toleration of a widespread policy, practice or custom of failing to adequately respond to bullying, cyberbullying, harassment, and assault/battery so as to safeguard the constitutionally protected rights of students, the failure to adopt and/or implement adequate policies, and deficient/negligent training, oversight, supervision, and discipline.

162.   Defendants were deliberately indifferent and knew or should have known that these actions and omissions were likely to cause injury to students, and actually caused injury to students including Olivia Haines and Isabella Haines.

163.   Defendants knew or should have known that their actions and omissions in which they took steps to prevent parents Kimberly McGuire-Haines and Wesley Haines from attending the meeting with the Defendant GEVS Board of Education in which they would have fully presented their formal complaints against Defendants were likely to cause injury to students and their parents, and did cause injury to students and their parents, including Olivia, Isabella, Kimberly, and Wesley.

164.   As a direct and proximate result of the conduct of Defendants, Plaintiffs have suffered the deprivation of their constitutional rights and extreme emotional distress.

**COUNT EIGHT**
**Breach of Duty of Care and Supervision**
**[Against Defendants GEVS Board of Education, GEVS, Gray, Sexton, Potts,**
**Shelton, Closson, Pryor, Dratwa, Flora, McClanahan, Putnam, Little,**
**Bradley George, Gretchen Foltz, Branham, McNeal, Hutchinson, and Weaks]**

165.    Plaintiffs reassert the foregoing as if fully rewritten herein.

166.    Olivia Haines and Isabella Haines were at all relevant times under the care, custody, control, and supervision of Defendants, and were in fact compelled by the laws of the State of Ohio to attend school and submit to the care, custody, and control of school authorities.

167.    Defendants had a duty to care for, protect, supervise, support, and control their students; to exercise a duty of reasonable care *in loco parentis*; and to avoid creating a substantial risk to the health or safety of their students either by action or omission.

168.    The foregoing duties are established by the common law of Ohio, as well as by Ohio R.C. §§ 2151.03, 2919.22, 3313.20, 3313.666, 2307.44, 3313.666(B), 2151.421, and 3313.534.

169.    The actions of Defendants, as enumerated in this Complaint, constitute a violation of the aforementioned duties.

170.    The actions and omissions of all Defendants constitute malicious purpose, bad faith and wanton and reckless conduct in violation of Ohio Revised Code Section 2744.03(A)(6).

171.    As a direct result of the actions and conduct of Defendants, Olivia and Isabella have been damaged including extreme emotional distress.

**COUNT NINE**
**Violation of R.C. § 2307.44 Hazing / Bullying**
**[Against Defendants GEVS Board of Education, GEVS, Gray, Sexton, Potts,**
**Shelton, Closson, Pryor, Dratwa, Flora, McClanahan, Putnam, Little,**
**Bradley George, Gretchen Foltz, Branham, McNeal, Hutchinson, and Weaks]**

172.    Plaintiffs reassert the foregoing as if fully rewritten herein.

173.     Oliva Haines and Isabella Haines were subjected to hazing, bullying, intimidation, and harassment as students in the School District during school hours and during school sanctioned events.

174.     Defendants had a mandatory duty to create and enforce anti-bullying, anti-hazing, and anti-harassment standards pursuant to Ohio R.C. §2307.44, § 3313.666(B), and § 3313.534.

175.     Defendants failed to create and enforce such standards, as described above.

176.     As a direct result of Defendants' actions and omissions, Olivia and Isabella suffered mental and physical pain and suffering, and Plaintiffs suffered mental pain and suffering, and have thus been damaged.

## COUNT TEN
### Violation of R.C. § 2151.421 Failure to Report Child Abuse
**[Against Defendants GEVS Board of Education, GEVS, Gray, Sexton, Potts, Shelton, Closson, Pryor, Dratwa, Flora, McClanahan, Putnam, Little, Bradley George, Gretchen Foltz, Branham, McNeal, Hutchinson, and Weaks]**

177.     Plaintiffs reassert the foregoing as if fully rewritten herein.

178.     Olivia Haines was an abused child under O.R.C. 2151.031/

179.     Defendants were aware that Olivia was an abused child under the statute.

180.     This child abuse was not reported by Defendants as required under O.R.C. 2151.421. As a result of these Defendants' failure to report child abuse, Olivia suffered further injury, including mental anguish and severe emotional injury.

## COUNT ELEVEN
### Breach of Express and/or Implied Contract
**[Against Defendants GEVS Board of Education, GEVS, Gray, Sexton, Potts, Shelton, Closson, Pryor, Dratwa, Flora, McClanahan, Putnam, Little, Bradley George, Gretchen Foltz, Branham, McNeal, Hutchinson, and Weaks]**

181.     Plaintiffs reassert the foregoing as if fully rewritten herein,

182.   Plaintiffs Kimberly McGuire-Haines and Wesley Haines enrolled Olivia and Isabella as students in the Greenfield Exempted Village School District and specifically at McClain High School.

183.   Plaintiffs Kimberly McGuire-Haines and Wesley Haines formed an agreement with Defendants for Olivia and Isabella to attend McClain High School and for the school to educate, supervise and otherwise care for Olivia and Isabella.

184.   Plaintiffs, including Olivia and Isabella, signed various school documents, and issued certain payments as part of the enrollment process and/or throughout the course of the school year.

185.   The agreements were contractual in nature.

186.   As part of the agreement, Plaintiffs Kimberly McGuire-Haines and Wesley Haines paid fees, costs, property taxes and other funds to Defendants.

187.   Defendants published policies, protocols and procedures upon which Kimberly, Wesley, Olivia, and Isabella relied for supervision, care, and protection.

188.   Olivia and Isabella fulfilled their obligations under the agreement by attending school, abiding by Defendants' policies, protocols, and procedures, and by otherwise completing the work assigned to them.

189.   Defendants breached and otherwise failed to fulfill their obligations under the agreement in several ways including without limitation:

a.     Failing to protect Olivia and Isabella from bullying, cyberbullying, harassment, assault and battery;

b.     Failing to enforce Defendants' anti-bullying, anti-cyberbullying, and anti-harassment policies;

40

c.      Failing to adequately train and/or negligently training GEVS staff regarding said policies and about proper methods of responding to such events;

d.      Failing to properly oversee, supervise and discipline staff in carrying out their duties under these policies; and

e.      Failing to adopt and/or implement adequate policies and procedures regarding bullying, cyberbullying, harassment, and assault/battery to prevent the constitutional violations suffered by Olivia and Isabella.

190.    Defendants' breach of the agreement directly and proximately damaged Plaintiffs as alleged herein.

**COUNT TWELVE**
**Negligence/Gross Negligence**
**[Against All Defendants]**

191.    Plaintiffs reassert the foregoing as if fully rewritten herein.

192.    The actions of all Defendants as enumerated above, in: (a) bullying, cyberbullying, harassing, assaulting and battering Plaintiffs; and in (b) failing to properly respond to the bullying, cyberbullying, assault/battery and harassment, despite their actual and constructive knowledge of these events and their directly witnessing the physical, verbal and other forms of bullying, cyberbullying, and abuse against Plaintiffs, constitute negligence, recklessness and/or gross negligence under Ohio law.

193.    The Defendants' negligence, recklessness and gross negligence includes without limitation: failing to follow federal and Ohio law; failing to follow their own anti-bullying policies, as specified above; failing to investigate and end the bullying; failing to identify and discipline those that bullied and cyberbullied Plaintiffs; failing to properly report bullying and cyberbullying incidents to the school administration; and failing to inform the Kimberly McGuire-Haines and

Wesley Haines about the bullying, cyberbullying, harassment and assault and battery incidents within the school's knowledge.

194.    The Defendants' negligence, recklessness and gross negligence also includes without limitation their failure to create and implement policies necessary for the government of their schools and pupils, as required by R.C. 3313.20.

195.    Defendants' recklessness and gross negligence also includes it violations of Ohio's Anti-Bullying statute, Ohio Revised Code 3313.666. These violations include without limitation: (a) failure to document incidents of bullying and harassment against Olivia and Isabella in writing and properly notify the Kimberly McGuire-Haines and Wesley Haines of the incidents; (b) failure to use intervention strategies for protecting Olivia and Isabella from additional bullying, cyberbullying, harassment, or retaliation; (c) failure to use interventions or disciplinary procedures for the bullies/harassers of Olivia and Isabella.

196.    Defendant April Putnam's negligence, recklessness and gross negligence includes her failure to offer counseling and/or adequate counseling to Olivia and Isabella despite her knowledge of the bullying, cyberbullying and other wrongs suffered by Olivia and Isabella and requests by the Plaintiffs for help.

197.    Defendants Gray, Sexton, Potts, Shelton, Closson, Flora, Hutchinson, McNeal, Weaks' negligence, recklessness, and gross negligence includes their failure to protect Olivia and Isabella and hold those students responsible for harming Plaintiffs accountable despite their knowledge of the bullying, cyberbullying and other wrongs suffered by Plaintiffs and requests by Plaintiffs for help.

198.    Defendant Little's negligence, recklessness and gross negligence includes his failure to properly investigate Defendant McClanahan's harassment, stalking, screaming at and grabbing, and Defendant Borelli's assault upon Olivia, his failure to hold Defendant McClanahan

42

and Defendant Borelli responsible for harming Olivia, and his failure to protect Plaintiffs from further harm by his actions and omissions despite his knowledge of the bullying, cyberbullying, harassment, assault and battery and other wrongs suffered by Plaintiffs and requests by Plaintiffs for help.

199.    The actions of all Defendants constitute malicious purpose, bad faith and wanton and reckless conduct in violation of Ohio Revised Code Section 2744.03(A)(6).

## COUNT THIRTEEN
### Loss of Consortium
### [Against All Defendants]

200.    Plaintiffs reassert the foregoing as if fully rewritten herein.

201.    Defendants caused injury to Olivia Haines, Isabella Haines, Kimberly McGuire-Haines, and Wesley Haines.

202.    As a direct and proximate result of Defendants' actions and omissions, Plaintiffs Kimberly McGuire-Haines and Wesley Haines have suffered a loss of consortium including loss of companionship, care assistance, affection and are thereby entitled to damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment in their favor and pray for relief against Defendants as follows:

(a)    For an order granting Plaintiffs all damages allowed by law including any compensatory, punitive, statutory, and other recovery damages, in amounts determined by the finder of fact;

(b)    For an order granting Plaintiffs their expenses and costs, including reasonable attorneys' fees;

(c)    For an order granting Plaintiffs pre-judgment and post-judgment interest; and

(d)    For an order granting Plaintiffs all other and further relief to which they are entitled to law or in equity.

Respectfully submitted,

/s/ Barton R. Keyes
Jeffrey T. Kenney, Trial Attorney (0051807)
Barton R. Keyes              (0083979)
Cooper & Elliott, LLC
305 West Nationwide Boulevard
Columbus, Ohio 43215
(614) 481-6000
(614) 481-6001 (Facsimile)
jeffk@cooperlliott.com
bartk@cooperelliott.com

Attorneys for Plaintiffs

## JURY DEMAND

Pursuant to Rule 38(B) of the Federal Rules of Civil Procedure, plaintiffs hereby demand a trial by jury.

/s/ Barton R. Keyes

## VERIFICATION

The undersigned verify under penalty of perjury that the factual allegations of this Complaint are true to the best of their knowledge, information, and belief.

Olivia Haines
Dated: _____10/28/2021_____

Isabella Haines
Dated: _____10/28/2021_____

Kimberly McGuire-Haines
Dated: _____10/28/2021_____

Wesley Haines
Dated: _____10/28/2021_____